

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,958-01

### EX PARTE JONAS SMITH, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. D-1-DC-13-205993-A IN THE 299TH DISTRICT COURT
## FROM TRAVIS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of aggravated assault and sentenced to twenty-seven years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Smith v. State*, 491 S.W.3d 864 (Tex. App. — Houston [14th Dist.] April 12, 2016), *pet. ref'd*. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that trial counsel was ineffective for numerous reasons. Applicant first alleges that trial counsel advised him incorrectly prior to trial that the

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

defense would be able to use recordings of conversations between Applicant and the complainant while Applicant was in jail to impeach the complainant's credibility at trial. Applicant also alleges that trial counsel assured him that he would be able to testify about an altercation between Applicant and the complainant the day before the offense in order to show that Applicant was acting in self-defense on the day of the offense. As a result of this erroneous advice, Applicant alleges that he declined all pre-trial plea offers and insisted on going to trial on the charges.

Applicant alleges that trial counsel incorrectly argued in the defense motion to suppress that Applicant had been arrested without a warrant by an officer who (according to Applicant) arrived after he had been arrested by a security officer.

Applicant alleges that trial counsel failed to adequately investigate and interview witnesses including Dawn Carruthers, Tony Smith, Lillie Ransom, Teri Hunter, Camille Smith and Cornelia Smith who would have supported Applicant's claim of self-defense, and failed to interview the State's witnesses and obtain evidence that could have been used to impeach the complainant's credibility. Applicant alleges that trial counsel failed to advance the only viable defensive theory, that Applicant acted in self-defense.

Applicant alleges that trial counsel failed to seek admission of the recordings of jailhouse phone calls and visits between Applicant and the complainant pursuant to Rules 106, 107 and 803(24) of the Texas Rules of Evidence, and failed to argue that evidence of the altercation between Applicant and the complainant the day before the offense was admissible to show both that the complainant was the first aggressor in the offense for which Applicant was on trial and that Applicant was reasonable in his fear of the complainant at the time of the offense.

Applicant alleges that trial counsel failed to object when the complainant testified about

Applicant's state of mind on the basis that she had no personal knowledge of Applicant's state of mind. Applicant alleges that trial counsel failed to object to the prosecutor's closing argument, which mis-stated the law of self-defense, injected inadmissible evidence of Applicant's prior criminal history, and mis-stated the evidence at trial by stating that Applicant was under the influence of a controlled substance at the time of the offense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: March 11, 2020
Do not publish